**Eddie Ray HARE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. A–17455.

Court of Criminal Appeals of Oklahoma.

June 21, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Eddie Ray Hare, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

A co-defendant, Michael Ray Price, was tried jointly with the defendant and found guilty. Price died pending this appeal.

At the trial, Brooke Van Horn testified that he owned the Westwood Drug Store in Oklahoma City, and on August 10, 1971, the store was closed at 7:00 p.m. He returned to the store at about 11:00 p.m. and observed the front glass door of the store had been broken. He inspected the interior of the store and observed money, papers and prescription files were strewn about the floor. A cigar box containing rolled change and a revolver were missing from a drawer in the prescription department. He further observed that the typewriter in the prescription department had a hole in it with a slug embedded in the base of the keys. He identified the cigar box (Exhibit

One), the revolver (Exhibit Two), and the money: Exhibit Three).

Emerson Russell testified that he lived "straight up the street" from the Westwood Drug Store. At approximately 10:30 to 11:00 p.m. on the evening in question, he was in his front yard visiting with the neighbors. He heard the sound of breaking glass and observed a man at the door of the drug store in the act of breaking the glass. He sent someone to call the police and he continued to observe the store. He observed one person go into the store and shortly thereafter another subject dismounted from a truck and put a shirt over the license tag and returned to the truck. The second figure emerged again from the bus and went over to the drug store door as if to hail the person inside. The person came out of the store; both of the subjects got in the truck and attempted to leave when they were stopped by the police officers.

Officer Behrens testified that he received an alarm call to the drug store about 10:40 p.m. He proceeded to the location and observed a Volkswagen van backing from in front of the store. He stopped the van and observed defendant Price as the driver with the defendant sitting on the passenger side wearing no shirt. A shirt was draped over the license tag of the vehicle. Defendant repeatedly asked the officer if he could have his shirt back. A cigar box, revolver and money were lying on the back floorboard of the van.

Officer James identified various photographs taken of the van and the drug store.

Defendant Price testified that he was a veteran and became addicted to drugs while serving in Vietnam. On the evening in question, he had been taking either heroin or morphine and got into an argument with his girl friend wherein he became very upset. He testified that he had previously been treated in the psychiatric division of the Veterans Hospital. He took off in his Volkswagen bus and picked up the defendant who asked him to take him home. Price testified that the defendant was drunk and fell asleep shortly after getting into the van, and "to my knowledge he never woke up." (Tr. 129) He further testified that he did not remember what he did at the drug store and vaguely recalled being intercepted there by the police.

Dr. Glass testified that he was employed at the Veterans Hospital in Oklahoma City and had treated defendant Price for drug abuse, primarily amphetamines. He testified that the defendant had a severe personality disorder and at times had a "toxic psychotic reaction secondary to the use of amphetamines." (Tr. 86)

Officer Rinehart testified that he and Officer Behrens answered an alarm at the drug store and intercepted the defendant and defendant Price as they were driving away. He testified that he did not recall any odor of alcohol about the defendant but, in his opinion, he was "high on something." (Tr. 113)

The defendant did not testify. One previous conviction was stipulated and a second one was established by introduction of the judgment and sentence.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury would reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.